Ronald **CURTIS**, Petitioner
and Appellant,

v.

**UTAH BOARD OF PARDONS** and Scott
Carver, Warden, Respondents and
Appellees.

No. 930360–CA.

Court of Appeals of Utah.

Jan. 31, 1994.

Ronald Curtis, pro se.

Jan Graham, State Atty. Gen., and James H. Beadles, Asst. Atty. Gen., Salt Lake City, for respondents and appellees.

Before GREENWOOD, ORME and RUSSON, JJ.

## OPINION

PER CURIAM:

Appellant Ronald Curtis appeals from the denial of a petition for extraordinary relief. Curtis filed a petition for extraordinary relief in Third District Court, pursuant to Rule 65B(c), Utah Rules of Civil Procedure. The petition claims that his original parole grant hearing before the Utah Board of Pardons was conducted in violation of his constitutional right to due process. Curtis specifically contends that the Board refused to provide documents that were the basis for its determination, and refused to allow Curtis to speak, present mitigating evidence, or call witnesses. As a result of the parole grant hearing, the Board decided that Curtis would serve his entire fifteen year prison term. Curtis claims that the decision is improper because it exceeds the sentencing guidelines.

The district court dismissed the petition, without requiring a response or holding a hearing, presumably under the provisions of Rule 65B(c) allowing summary dismissal of frivolous claims. The district court stated that the decision to require petitioner to serve his entire term without parole was within the Board's discretion and could not be challenged "without an allegation as to why that decision may be 'arbitrary and capricious' or 'cruel and unusual' in some legal way." The issue before this court is whether the district court properly dismissed this case without issuing a hearing order to the respondents.

Since the district court's decision in this case, the Utah Supreme Court issued *Labrum v. Utah State Board of Pardons*, 870 P.2d 902 (Utah 1993). The court held, "[f]or purposes of original parole grant hearings at which predicted terms of incarceration are determined, fundamental principles of due process under article I, section 7 of the Utah Constitution apply." *Id.* at 911. The court also held that "due process pursuant to article I, section 7 of the Utah Constitution requires that the inmate know what information the Board will be considering at the hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *Id.* at 909. Considering the issue of retroactivity, the court held that the specific due process safeguards announced in *Labrum* will apply only in original parole grant hearings held on or after the decision's date. *Id.* at 913. However, the court further held that "considerations of judicial integrity require us to extend the benefit of our decision to ... any inmate who currently has a claim pending in the district court or on appeal before this court or the court of appeals challenging original parole grant hearing procedures on due process grounds."[1] *Id.*

Because Curtis's claims come within the coverage of *Labrum*, we reverse the district

---

1. The court clarified that its decision on retroactivity did not "foreclose collateral suits by inmates who can show some evidence that the Board violated their rights to due process in their original parole grant hearing," but that the specific due process standards announced in *Labrum* could not be used to make the evidentiary showing. *Labrum,* 870 P.2d at 913.

court's order of dismissal and remand the case to the trial court for purposes of response and a hearing on the merits of the claim that Curtis's constitutional rights to due process were violated in his original parole grant hearing.